NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

AMANDA HOLLEY,

        Plaintiff,

v.

PORT AUTHORITY OF NEW YORK
AND NEW JERSEY, *et al.*,

        Defendants.

Civil Action No. 3:14-cv-7534-BRM-DEA

**MEMORANDUM OPINION AND ORDER**

---

**MARTINOTTI, DISTRICT JUDGE**

    During a pre-trial conference the parties could not agree on the appropriate standard to be applied and the charge to be read to the jury addressing the standard of proof for and elements of a hostile work environment under § 1983. The Court ordered counsel to supplement their trial briefs. The Court has reviewed: (1) Amanda Holley's ("Holley") submission (ECF No. 143); (2) Defendants Port Authority of New York & New Jersey Police Department ("Port Authority") and Sergeant Erick Torres' (collectively, "Defendants") submission (ECF No. 150); and (3) Holley's Reply (ECF No. 155). Having reviewed these submissions, for the reasons set forth below and for good cause shown, the Court finds the following to be the elements of, and standard of proof for establishing, a § 1983 claim for hostile work environment against individuals and employers.

## I. DECISION

### A. Title VII vs. § 1983

Holley argues Title VII and § 1983 rely upon different standards of proof and liability for proving hostile work environment claims against individuals and their employers. (ECF No. 143 at 1-9.) Defendants argue district courts in this circuit have utilized Title VII's hostile work environment framework in the context of discrimination claims brought under § 1983. (ECF No. 150 at 2.)

While claims under Title VII and § 1983 are distinct, they can exist independently or jointly. *Hargrave v. Cty. of Atl.*, 262 F. Supp. 2d 393, 440 (D.N.J. 2003); *Bair v. City of Atl. City*, 100 F. Supp. 2d 262, 266 (D.N.J. 2000). The majority of courts, including the Third Circuit, hold that claims under § 1983 and Title VII are not necessarily mutually exclusive. *Bair*, 100 F. Supp. 2d at 266. If the right a plaintiff claims was violated is constitutionally based and also a right protected by Title VII, the plaintiff may file a Title VII claim, a § 1983 claim, or both. *Id.*; *Hargrave*, 262 F. Supp. 2d at 440; *Bradley v. Pittsburgh Bd. Of Ed.*, 913 F.2d 1064, 1078–79 (3d Cir. 1990) (concluding that plaintiff's § 1983 racial discrimination claims were not precluded by Title VII to the extent the complaint also sought to maintain rights grounded in the Equal Protection Clause of the Fourteenth Amendment). For instance, courts allowed plaintiffs alleging both sexual harassment and sex discrimination in public employment to file claims under both Title VII and § 1983, because such conduct could violate Title VII and also amount to a deprivation of their equal protection rights secured by the Constitution. *See e.g. Hargrave*, 262 F. Supp. 2d at 441; *Bair*, 100 F. Supp. 2d at 267.

Despite their distinctions, courts have utilized Title VII's hostile work environment framework in the context of equal protection discrimination claims brought pursuant to § 1983.

*Holt v. Pa.*, 683 F. App'x 151, 160 (3d Cir. 2017) ("And because of the overlap between Title VII claims and constitutional discrimination claims, we have applied Title VII caselaw to equal protection claims."); *Rayfield v. City of Paterson*, No. 17-5144, 2018 WL 2859528, at *7 (D.N.J. June 11, 2018); *Harley v. City of N.J. City*, No. 16-5135, 2017 WL 2779466, at *4 (D.N.J. June 27, 2017) (applying Title VII elements to § 1983 and § 1981 claims); *Hailey v. City of Camden*, 650 F. Supp. 2d 349, 354 (D.N.J. 2009) (same); *Hurley v. Atl. City Police Dep't*, No. 93-260, 1995 WL 854478, at *10 (D.N.J. Aug. 4, 1995), *aff'd*, 174 F.3d 95 (3d Cir. 1999) (stating the § 1983 "inquiry here mirrors that with regard to the Title VII claims").[1]

### B. Establishing a § 1983, Hostile Work Environment Claim as to Torres

Holley argues a prima facie case under § 1983 requires a plaintiff to demonstrate only: (1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law. (ECF No. 143 at 2 (c*iting Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995)). She further contends

---

[1] Other circuits and district courts have established same. *See Rivera v. Puerto Rico Aqueduct & Sewers Auth.*, 331 F.3d 183, 191-92 (1st Cir. 2003) (stating "the prima facie elements to establish liability are the same under [Title VII and § 1983]" when a plaintiff asserts a hostile work environment claim); *Nieto v. Kapoor*, 268 F.3d 1208, 1217-20 (10th Cir. 2001) (holding the defendant liable for § 1983 after the plaintiff established existence of hostile work environment); *McPhaul v. Bd. of Comm'rs of Madison Cty.*, 226 F.3d 558, 567 (7th Cir. 2000) ("Because section 1983 claims generally follow the contours of Title VII claims, we will apply the same hostile environment standard that is applied in Title VII cases." (citation omitted)); *Jemmott v. Coughlin*, 85 F.3d 61, 67 (2d Cir. 1996) ("According to Title VII law, which is utilized by courts considering § 1983 Equal Protection claims, a plaintiff must prove discrimination that was 'sufficiently severe or pervasive' to alter the conditions of his employment in order to prevail on a hostile work environment claim." (citation omitted)); *Beardsley v. Webb*, 30 F.3d 524, 529 (4th Cir. 1994) (applying Title VII hostile work environment framework to equal protection claim based on sexual harassment); *Boutros v. Canton Reg'l Transit Auth.*, 997 F.2d 198, 202-04 (6th Cir. 1993) (analyzing an equal protection claim based on national origin under Title VII hostile work environment framework); *Starnes v. Court of Common Pleas of Butler Cty.*, No. 17-1304, 2018 WL 3586835, at *11 (W.D. Pa. July 26, 2018) (stating the prima facie elements to establish liability are the same under Title VII and § 1983).

that for a § 1983 equal protection claim, "the ultimate inquiry is whether the sexual harassment constitutes intentional discrimination." (*Id.* at 4.) Defendants argue, to prove a claim under § 1983, plaintiff must "prove the existence of purposeful discrimination. . . . They must demonstrate that they received different treatment from that received by other individuals similarly situated." (ECF No. 150 at 2 (citation omitted).) Defendants further contend the Court should utilize Title VII's hostile work environment framework in the context of discrimination claims brought under § 1983. (*Id.*)

> Section 1983 provides in relevant part:
>
>> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Therefore, to hold a defendant liable under § 1983, plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person amenable to suit under § 1983 and acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

If the constitutional right allegedly violated is the denial of equal protection under the Fourteenth Amendment, a plaintiff must, in addition to the above, satisfy the requirements for the particular equal protection claim. *Chambers ex rel. Chambers v. Sch. Dist. Of Phila.*, 587 F.3d 176, 196 (3d. Cir. 2009). "To bring a successful claim under 42 U.S.C. § 1983 for a denial of equal protection, plaintiffs must prove the existence of purposeful discrimination. . . . They must demonstrate that they received different treatment from that received by other individuals similarly

4

situated." *Id.* This requires Holley to prove Torres intentionally discriminated against her because of her gender, either personally or with actual knowledge of an acquiescence to the discriminatory behavior of others. *Peace-Wickham v. Walls*, 409 F. App'x 512, 525 (3d Cir. 2010) (citing *Andrews*, 895 F.2d at 1478 and *Baker v. Monroe Twp.*, 50 F.3d 1186, 1194 (3d Cir. 1995)). Within this framework, a plaintiff can also advance a hostile work environment claim under the Fourteenth Amendment. *Pollock v. City of Phila.*, No. 06-4089, 2008 WL 3457043, at *9 (E.D. Pa. Aug. 8, 2008), *aff'd sub nom.*, 403 F. App'x 664 (3d Cir. 2010) ("[D]istict courts in this circuit have utilized Title VII's hostile work environment framework in the context of discrimination claims brought under the Equal Protect Clause.").

Therefore, to establish a hostile-work-environment claim brought under the Fourteenth Amendment a plaintiff must also prove: "(1) that he or she suffered intentional discrimination because of [gender]; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same [gender] in that position; and (5) a basis for personal liability." *Rayfield*, 2018 WL 2859528, at *7; *Ugorji v. N.J. Envtl. Infrastructure Tr.*, No. 12–5426, 2014 WL 2111076, at *5 (D.N.J. June 19, 2014). In summary, Holley must prove the existence of purposeful discrimination in order to show "the violation of a right secured by the Constitution or laws of the United States." She must demonstrate that she received different treatment from that received by other individuals similarly situated. She must also prove the five hostile-work-environment elements above to support an equal protection violation under the Fourteenth Amendment, premised on a hostile work environment claim. *Ugorji*, 2014 WL 2111076, at *5 (finding plaintiff pled "sufficient facts supporting an equal protection violation, premised on a hostile work environment claim" because she pled purposeful discrimination, that he received different

5

treatment form that received by other individuals similarly situated, and the five hostile-work-environment elements).

### C. Standard for Liability as to Port Authority

Holley argues "[t]he standards of liability for holding employers accountable for harassing behavior perpetrated by supervisor subordinates differs significantly between Title VII and Section 1983." (ECF No. 143 at 6.) She asserts Title VII requires a showing of vicarious liability under a *respondeat superior* theory whereas that theory does not apply to § 1983 claims. (*Id.*) In § 1983 claims, "Defendants are . . . only liable when the employer's **policy or custom** inflicts the injury." (*Id.* at 7.) Defendants agree with Holley: "Under § 1983, government entities cannot be held liable solely for the actions of agents or employees on a *respondeat superior* theory." (ECF No. 150 at 3.) They further agree that "[g]overnmental entities are only liable 'when [the] execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or act may fairly be said to represent official policy, inflicts injury." (*Id.*)

Section 1983 caselaw supports the parties' positions but goes beyond what they have argued and cited. The Supreme Court held in *Monell v. N.Y. City Dept. of Social Servs.*, 436 U.S. 658, 689 (1978), that municipalities and other local governmental bodies are "persons" within the meaning of § 1983. It also recognized that a municipality "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. In order to establish the liability of the Port Authority for sexual harassment under § 1983, "there must be some affirmative conduct by the [Port Authority] that played a role in the discrimination." *Andrews v. City of Phila.*, 895 F.2d 1469, 1478 (3d Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 377 (1976)); *see also Foster v. Twp. Of Hillside*, 780 F. Supp. 1026, 1045 (D.N.J. 1992), aff'd, 977 F.2d 567 (3d Cir. 1992).

To bring a claim under § 1983 for the denial of equal protection under the Fourteenth Amendment as to the Port Authority, a plaintiff must also satisfy the requirements for any other § 1983, equal protection claim. It must first prove a person deprived her of a federal right and that the person who deprived him of that right acted under the color of state or territorial law. *West*, 487 U.S. at 48. Moreover, it must establish the existence of purposeful discrimination and that they "receiv[ed] different treatment from that received by other individuals similarly situated." *Andrews*, 895 F.2d at 1478.

Thereafter, § 1983 liability attaches to a municipality only when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [constitutional] injury" complained of. *Id.* at 694. In the context of a sexual harassment claim, a municipal custom or policy can be established in one of two of the following ways. "Policy is made when a decision [] maker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Benjamin v. E. Orange Police Dep't*, 937 F. Supp. 2d 582, 595 (D.N.J. 2013) (quoting *Andrews*, 895 F.2d at 1480). "A course of conduct is considered to be a custom when, though not authorized by law, such practices of state officials [are] so permanent and well settled as to virtually constitute law." *Id.* (quoting *Andrews*, 895 F.2d at 1480 (citation omitted)). Custom can also be established through evidence of "knowledge and acquiescence." *Id.*

A plaintiff must also demonstrate, "through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 404 (1997). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id.*; *Reynolds v. Borough of Avalon*, 799 F. Supp. 442,

447 (D.N.J. 1992) (holding that "a reasonable jury might find that the risk of sexual harassment in the workplace is so obvious that an employer's failure to take action to prevent or stop it from occurring--even in the absence of actual knowledge of its occurrence—constitutes deliberate indifference, where the employer has also failed to take any steps to encourage the reporting of such incidents"). "The necessary [degree of personal] involvement can be shown in two ways, either 'through allegations of personal direction or of actual knowledge and acquiescence,' or through proof of direct discrimination [or harassment] by the supervisor." *Andrews*, 895 F.2d at 1478 (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

Having reviewed the submissions filed in connection with the letter briefs, the Court finds the above to be the standard of proof and elements for establishing a § 1983 claim for hostile work environment under the 14th Amendment against individuals and employers. Accordingly,

**IT IS** on this 12th day of October 2018,

**ORDERED** that the parties utilize these standards in constructing their jury charges and instructions and submit a joint proposal by Monday, October 15, 2018 at 9:00 a.m.

/s/ *Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**