**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| AMANDA HOLLEY, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 3:14-cv-7534-BRM-DEA |
| PORT AUTHORITY OF NEW YORK AND NEW JERSEY, *et al.*, | : **MEMORANDUM ORDER** |
| Defendants. | : |

**THIS MATTER** is opened to the Court by Amanda Holley's ("Holley") Motion for Reconsideration (ECF No. 168), seeking reconsideration of the October 12, 2018 Memorandum Opinion and Order (ECF No. 167), which established the elements of, and standard of proof for establishing, a § 1983 claim for hostile work environment against individuals and employers; Defendants the Port Authority of New York and New Jersey Sergeant Erick Torres (collectively "Defendants") oppose the Motion. (ECF No. 169.)

Holley moves for reconsideration on the basis that this Court and other district courts in this circuit have ignored *Andrews v. Philadelphia*, 895 F.2d 1469 (3d Cir. 1990) and have improperly utilized the Title VII hostile work environment framework in the context of discrimination claims brought under the Equal Protection Clause. Defendants argue Holley "Cites no manifest error of law or fact nor does she cite to new evidence or new law that would cause this court to reconsider its ruling." (ECF No. 169 at 2.)

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i) if there are "matters

or controlling decisions which counsel believes the Judge . . . has overlooked." L.Civ.R. 7.1(i); *Dunn v. Reed Grp., Inc.*, No. 08–1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, No. 03–3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)). In that regard, the Third Circuit has held the scope of a motion for reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Accordingly, an order or judgment may only be altered or amended if the party seeking reconsideration shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014).

A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing United States v. Grape, 549 F. 3d 591, 603–04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)).

Holley's Motion does not assert: (1) there has been an intervening change in the controlling law; (2) there is new evidence available that was not available when the Court issued its October 12, 2018 Memorandum Opinion and Order; or (3) the October 12, 2018 Memorandum Opinion and Order contains a clear error of law or fact. *See United States ex rel. Schumann*, 769 F.3d at 848–49. While Holley argues the Court "must have overlooked" *Andrews* when rendering its opinion, the Court reviewed and cited to *Andrews* on multiple occasions throughout its Memorandum Opinion and Order. (*See* ECF No. 167.) In fact, Holley concedes the Court "did rely upon *Andrews* for other parts of its opinion." (ECF No. 168 at 1 n.1.) "It is improper on a motion for reconsideration to ask the Court to rethink what it has already thought through, whether rightly or wrongly." *S.C. ex rel. C.C. v. Deptford Tp. Bd. of Educ.*, 248 F. Supp. 2d 368, 381 (D.N.J. 2003) (citation omitted).

In essence, Holley merely disagrees with the Court's previous decision and is attempting to relitigate the issues previously decided in the October 12, 2018 Memorandum Opinion and Order. This is not a valid basis for a motion for reconsideration. *See Blystone*, 664 F.3d at 415 (expressly forbidding the use of a motion for reconsideration to relitigate a motion).

Having reviewed her motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth and for good cause shown,

**IT IS** on this 15th day of October 2018,

**ORDERED** that Holley's Motion for Reconsideration is **DENIED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**